### FARMERS TRUCK ASS'N v. STRAW-BERRY & VEGETABLE AUC-TION, Inc.

#### No. 1508.

Court of Appeal of Louisiana. First Circuit. Oct. 3, 1935.

S. S. Reid, of Amite, for appellant.

Ellis & Ellis, of Amite, for appellee.

ELLIOTT, Judge.

Farmers Truck Association, claiming to be a corporation, alleges that it is a creditor of Strawberry & Vegetable Auction, Inc., in the sum of $1,718.11. Plaintiff alleges that it is a stockholder of the Strawberry & Vegetable Auction, Inc., becoming a member thereof on or about December 15, 1931. That as such it is entitled to participate in the profits of the corporation earned during the year 1932. That on March 3, 1932, it received a notice that its one share of stock had been issued and would be mailed to plaintiff upon receipt of a check for $100. That it had been willing and ready at all times to pay the amount due. That in addition to its willingness, the defendant had in its possession from time to time, belonging to petitioner, an amount more than adequate to pay for said stock. That in checking over its files on May 23, 1932, it noticed that the claim had not been deducted from its account, or demand made therefor, and immediately mailed its check to the defendant in payment of the same. That, notwithstanding it had enjoyed the privileges of a member and was a member and had shipped all its berries through said company and had paid without demand the amount due for its one share of stock on or about May 23, 1932, its check was returned and petitioner was, for the first time, notified of a resolution of the board of directors requiring payment for all stock before the season started, and not after the deal was over. It brought suit to be decreed a stockholder and member of the defendant company and for judgement against it for $1,718.11 with interest, less $100 due for its share of stock.

Defendant appeared and filed an exception of no right or cause of action, which was by the court referred to the merits.

Defendant then further appeared, and under reserve of its said exception, filed an answer in which it denied the plaintiff was a member and stockholder of the defendant corporation, and denied being indebted to the plaintiff. It alleged that plaintiff was present when the resolution was adopted providing that payment for stock must be made before the season started, and not after the deal was over. That in addition to being present as stated, plaintiff was duly and timely notified of said resolution, but having failed and neglected to pay for its stock within the time resolved and declared on, the said share of stock was not and could not have been delivered to the plaintiff without violating the law. That defendant had no authority to deduct the amount due on account of said stock from moneys due the plaintiff by reason of the sale of its berries. That plaintiff did not offer to pay for its stock until after the close of the shipping season.

The trial resulted in judgment in favor of the plaintiff substantially as prayed for. Defendant has appealed.

The ruling of the lower court referring defendant's exception of no right or cause of action to the merits is not urged as error in defendant's brief, so we do not act on it, but will look on it as a part of defendant's answer.

The defendant corporation was incorporated by authentic act dated December 23, 1929, under the terms and provisions of Act No. 250 of 1928. On July 31, 1931, article 6 of its charter was amended and made to read as follows: Article 6—"The capital stock of this corporation is hereby divided into and represented by certificates of $100.00 each to the amount of 1000 certificates, all of which shall be common stock."

At a meeting held on or about December 15, 1931, the plaintiff was accepted as a member and as such became entitled to one of these certificates upon paying $100, the price thereof fixed by the charter, and was the next day duly notified of his acceptance as a member. And the evidence shows that plaintiff, following his acceptance as a member, was looked on as such, attended meetings, and shipped his berries through defendant.

The charter does not say when members becoming such, as was the case with the plaintiff, must pay for their stock, but Act No. 250 of 1928, § 16 provides that: "A certificate of stock shall not be issued until the shares represented thereby have been fully paid for."

At a stockholders' meeting held on February 18, 1932, and at which Thomas Cefalu, president of the plaintiff, was present, a resolution was adopted and an agreement entered into as follows: "A lengthy discussion regarding the purchasing of stock in the Strawberry & Vegetable Auction, Inc., was heard and it was unanimously agreed that any new associations

becoming members of the Auction, desiring to buy stock, should purchase and pay for same before each berry season and not after the deal is over."

The plaintiff was a new association, becoming a member such as the agreement or resolution refers to, and was bound accordingly. As plaintiff, through its president, was present at the meeting held February 18, 1932, and participated therein, that fact charged it with notice of the agreement entered into at that time, but in addition thereto defendant wrote plaintiff a letter on March 3, 1932, formally notifying plaintiff that its one share of stock had been already issued and would be mailed upon receipt of its check for $100. This letter concludes with the statement: "So please arrange to mail your check upon receipt of this letter so we can send you this stock certificate." The plaintiff, although accepted as a member, could not under the law actually became a stockholder until it had paid for the one share cf stock allotted to it, and in order to be a member one had to first be a stockholder. But instead of sending its check as requested by defendant on March 3, 1932, it did nothing until after the shipping season for the year was over.

On May 23, 1932, plaintiff wrote defendant as follows: "In checking over our files we find where we have not paid you for our one share of stock. Attached please find our check No. 2397 for $100.00, for which please mail us our certificate for our share of Strawberry & Vegetable Auction, Inc., stock." It is shown that at this time the shipping season was over, although some of the cars shipped had not heard from.

The minutes of a meeting of defendant's board of directors held on July 12, 1932, shows that defendant earned profits during the 1932 season in amount $33,717.14, and if the plaintiff was entitled to participate therein, it was entitled to receive further stock in the defendant corporation to the amount claimed in its petition. But its right thereto is resisted by the defendant on the ground that it was not a stockholder during the season in which the profit was earned.

Under the express language of the law and the undisputed facts, we feel constrained to agree with the defendant. Payment for stock must be made before each berry season, and not after the deal is over. The result of not timely paying is that plaintiff was not a stockholder nor member at the time the above-mentioned profit was earned, and consequently has no right to participate therein. The fact that plaintiff was permitted to participate in meetings and shipped his berries through defendant did not and could not make him a stockholder and resulting member, in violation of the law to the contrary. The plaintiff could not take the chance of not paying for the share of stock the amount it had obligated itself to pay and thereby escape the consequence of being a stockholder and member, in case loss had resulted from the 1932 shipping season, and then after the risk was over and a profit had been made, while it was not a member, pay for its stock and justify its right to participate in the profit.

The judgment appealed from is contrary to the law and the evidence, and therefore erroneous, and must be reversed.

For these reasons, the judgment appealed from is annulled, avoided, and set aside, and plaintiff's demand is now refused and rejected at his cost in both courts.